```
             IN THE UNITED STATES DISTRICT COURT
               FOR THE DISTRICT OF MARYLAND
```

UNITED STATES OF AMERICA          *

      vs.                           *   CRIMINAL NO. MJG-13-0608

DAMIEN RILEY                      *

\*   \*   \*   \*   \*   \*   \*   \*   \*

MEMORANDUM AND ORDER

The Court has before it Petitioner's Motion Under 28 USC 2255 [sic] to Vacate, Set Aside, or Correct Sentence By a Person In Federal Custody [ECF No. 123], and the materials submitted relating thereto. The Court finds that a hearing is unnecessary.

I.    BACKGROUND

On February 9, 2015, Petitioner Damien Riley ("Riley" or "Petitioner") was convicted by a jury trial on Counts One, Two, Three, and Four of the Second Superseding Indictment.[1] Based on the signed Verdict Sheet [ECF No. 85], the jury did not reach a unanimous verdict on Count Five (possession with intent to distribute heroin), Count Six (unlawful firearm possession), or Count Seven (maintenance of a place for the purpose of manufacturing, storing, distributing, and using controlled substances).[2]

---

[1] Counts One, Three, and Four relate to possession with intent to distribute heroin, and Count Two related to possession with intent to distribute cocaine. See ECF No. 85.
[2] The signed Verdict Sheet indicates that 11 of the 12 jurors voted for conviction on these three Counts. See ECF No. 85.

On May 26, 2015, Judge Quarles, the trial judge, sentenced Petitioner on the four Counts of conviction by jury. See ECF No. 104. The Judge found that Petitioner was a career offender based on his previous felony convictions under Maryland law for robbery with a dangerous weapon and distribution of a controlled dangerous substance. See USSG § 4B1.1(a); ECF No. 108. Petitioner's Offense Level was determined to be 32 with a Criminal History Category of VI, resulting in a Guidelines sentencing range of 210 to 262 months. See ECF No. 108. Judge Quarles sentenced Petitioner at the low end of the Guidelines range: 210 months on each Count of conviction, to be served concurrently for a total of 210 months. See ECF No. 107.

Petitioner appealed, asserting on appeal a single issue, that he had wrongly been classified as a career offender at sentencing. However, on May 9, 2017, the United States Court of Appeals for the Fourth Circuit affirmed the conviction and sentence:

> "The only question on appeal is whether Maryland robbery with a dangerous weapon qualifies as a 'crime of violence.' We conclude that it does."

United States v. Riley, 856 F. 3d 326, 328 (4th Cir. 2017), cert. denied, 138 S. Ct. 273 (2017).

By the instant Motion timely filed pursuant to 28 U.S.C. § 2255, Petitioner seeks to have his sentence vacated and reduced.

II. <u>GROUNDS ASSERTED</u>

Petitioner bases his claim for sentence reduction upon the assertion of seventeen stated grounds:

1. Career Offender Determination and Sentence Enhancement,

2. Ineffective Assistance of Counsel (Ms. Silva, Esq.),

3. Ineffective Assistance of Counsel (Mr. Hazelhurst, Esq.),

4. Ineffective Assistance of Counsel (Mr. Ruter, Esq.),

5. Prosecutorial Vindictiveness,

6. Fourth Amendment Violation: Use of Stingray/Triggerfish devices,

7. Speedy Trial Act Violation,

8. Due Process Violation: Discovery not personally provided to Defendant,

9. F. R. Crim. P. Violation: Failure to File Superseding Indictment Within 30 Days of Arrest (Count One),

10. F. R. Crim. P. Violation: Failure to File Superseding Indictment Within 30 Days of Arrest (Count Two),

11. F. R. Crim. P. Violation: Failure to File Superseding Indictment Within 30 Days of Arrest (Count Three),

12. F. R. Crim. P. Violation: Failure to File Superseding Indictment Within 30 Days of Arrest (Count Four),

13. Cumulative Error,

14. Sixth Amendment Violation for Denial of Right to Counsel,

15. F. R. Crim. P. Violation: Lack of Formal Arraignment

16. F. R. Crim. P. Violation: Discovery not personally provided to Defendant, and

17. Sentencing Pursuant to an Incorrect Guidelines Range. See Pet.'s Mot. at 2, ECF No. 123 and Pet.'s Supp. Mem at 1, ECF No. 124.

III. DISCUSSION

The Court finds that Petitioner has presented no valid ground for relief.

A. Career Offender Determination (Grounds 1 and 17)

Petitioner contends that the Career Offender determination was erroneous based on the Supreme Court decision in Johnson v. United States, 135 S.Ct. 2551 (2015), which struck down the Armed Career Criminal Act ("ACCA") residual clause as void for vagueness. He claims that his prior offense of a Maryland law robbery with a dangerous weapon no longer qualifies as a crime of violence, rendering the Career Offender determination and subsequent Sentencing Guidelines range to be incorrect.

However, on March 6, 2017, the Supreme Court decided in Beckles v. United States, 137 S.Ct. 886 (2017), that the Federal Sentencing Guidelines, including § 4B1.2(a)'s residual clause, are not subject to vagueness challenges under the Due Process Clause:

> [T]he advisory Guidelines do not fix the permissible range of sentences. To the contrary, they merely guide the exercise of a

4

>     court's discretion in choosing an appropriate
>     sentence within the statutory range.
>     Accordingly, the Guidelines are not subject to
>     a vagueness challenge under the Due Process
>     Clause. The residual clause in § 4B1.2(a)(2)
>     therefore is not void for vagueness.

Id. at 892.

Petitioner's effort to avoid the effect of Beckles is not persuasive. Pet.'s Resp. at 4, ECF No. 140. The Court concludes that Judge Quarles's Career Offender determination at sentencing was correct when made and remains correct today. Moreover, the determination was upheld on direct appeal by Judges Wilkinson, Diaz, and Floyd. Riley, 856 F.3d at 329.

    B.    Speedy Trial Act Violation (Grounds 2, 3, 4, and 7)

Petitioner presents a collection of meritless arguments[3] based upon the Speedy Trial Act and his trial counsel's alleged ineffectiveness regarding the Act. The Speedy Trial contentions were presented to Judge Quarles and rejected prior to trial. See Memorandum Opinion at 31-49, ECF No. 70.

The Speedy Trial Act issues were not asserted on direct appeal. Because Petitioner has not shown cause, actual prejudice, or a

---

[3] Including an argument about an unidentified "vital" witness who supposedly was lost during the time period relating to the alleged Speedy Trial Act violation.

5

miscarriage of justice, these arguments are procedurally defaulted. United States v. Mikalajunas, 186 F. 3d 490, 492-93 (4th Cir. 1999).

However, even if the issues were not defaulted,[4] the Court finds no reason to disagree with the decision of Judge Quarles, who has considered and rejected Petitioner's Speedy Trial Act contentions.

### C. Timeliness of Second Superseding Indictment (Counts 9, 10, 11, and 12)

Petitioner argues that he is entitled to relief because the Second Superseding Indictment [ECF No. 41] was filed over a year after his arrest, rather than the 30 days that Petitioner argues is applicable.

The Second Superseding Indictment was filed November 25, 2014, which is more than a year after Petitioner's arrest on October 24, 2013, thus in excess of the 30 day time limit imposed by 18 U.S.C. § 3161(b). However, the original Indictment did not violate the

---

[4] Defendant Riley states in his Response that he attempted to raise the Speedy Trial violation issues on appeal, but that his appellate attorney refused to include them in her brief. Pet.'s Resp. at 11, ECF No. 140. He attaches a letter from his appellate attorney, Ms. Julie Reamy, showing that she did in fact consider including the Speedy Trial argument, as well as an argument relating to the "substantive reasonableness" of his sentence. Pet.'s Resp. Ex. 1, ECF No. 140-1. She stated that she was "still trying to determine" whether the Speedy Trial issue will hold up, and that "[i]f I conclude that the argument is legally sound I will certainly raise it." Id. This letter does not support Petitioner's contention that his appellate attorney unreasonably refused to include the Speedy Trial Act argument. In fact, she states "[i]f you want me to raise each and every issue, say so." Id. at 2, ECF No. 140-1.

Speedy Trial Act. As held by Judge Quarles in his Memorandum Opinion [ECF No. 70], a superseding indictment which adds charges to those contained in the original indictment that does not violate the Speedy Trial Act are considered timely. See ECF No. 70 at 35-36.

The Court agrees with Judge Quarles' decision that "Riley's original indictment was filed within 30 days of the complaint and included all of the charges in the complaint. Section 3161(b) does not apply to any of the additional charges in the superseding indictments." Id. The Court finds no Speedy Trial Act violation.

### D. Prosecutorial Vindictiveness (Ground 5)

Petitioner contends that the prosecution obtained the Second Superseding Indictment vindictively in retaliation for his pursuing his Speedy Trial rights.[5]

Petitioner has failed to present even a plausible basis supporting a claim that the Second Superseding Indictment was wrongfully obtained or subject to dismissal for vindictiveness. The record simply fails to support his argument.

---

[5] The Court assumes that Petitioner is referring to the Second Superseding Indictment. After all, the (First) Superseding Indictment was filed on the same day as Petitioner's Motion to Dismiss for Lack of Speedy Trial, so it could not be issued as a reaction to the dismissal motion. See ECF Nos. 25 and 26.

7

### E. Fourth Amendment Violation: Stingray/Trigger Fish (Ground 6)

Petitioner contends that the Government used a device, referred to by him as a "Stingray" or "Trigger Fish," to illegally track and trace his movements. The Government denies that such a device was used, and has "confirmed with the investigating agency" that it was not used. Gov.'s Surreply at 1, ECF No. 145 at 1. The Government also states that the authorities did obtain a "pen register/cell site device" during the course of the investigation, but that no information obtained from these efforts led to the arrest or search warrant in Petitioner's case. Id.

Petitioner presents no evidence or other basis to put the Government's statements into question. To the extent that the Petitioner is arguing that his Fourth Amendment rights were violated because a third-party confidential informant was somehow "forced" to give authorities Petitioner's cell phone number, see Pet.'s Resp. at 8, ECF No. 140, Petitioner would lack standing to assert such a claim.

### F. Petitioner's Personal Possession of Discovery Materials (Grounds 8 and 16)

Petitioner contends that his rights were violated because he was not personally provided with discovery materials to keep while incarcerated. However, Petitioner was incarcerated during the time

8

of trial preparation, and was properly denied personal possession of the discovery documents within the facility. See, e.g., United States v. Guzman, No. 06-40079-03-SAC, 2010 WL 4025136, at *8 (D. Kan. Oct. 13, 2010).

Petitioner had adequate access to the provided discovery through counsel while he was represented and through stand-by counsel while he was proceeding pro se. Moreover, Petitioner presents nothing to establish that his personal physical possession of the discovery in the jail would have had any effect upon the trial proceedings.

### G. Ineffective Assistant Of Counsel (Various Grounds, including Grounds 2, 3, 4, and 7)

Petitioner argues that he was denied the effective assistance of counsel in various grounds asserted in his Motion.

In order to prevail on a claim that counsel's representation violated his Sixth Amendment right to effective assistance of counsel, Petitioner must show (1) "that counsel's representation fell below an objective standard of reasonableness,"[6] and (2) "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been

---

[6] Thus overcoming a presumption that counsel's conduct (i.e., representation of the criminal defendant) was reasonable. See Strickland v. Washington, 466 U.S. 668, 689 (1984).

different." Strickland v. Washington, 466 U.S. 668, 687-88, 694 (1984). "A reasonable probability is a probability sufficient to undermine confidence in the outcome [of the proceedings]." Id. at 694.

Petitioner has not presented any cognizable claim that he was denied the effective assistance of counsel. He was not represented by counsel at trial and is complaining about his own actions proceeding pro se. Petitioner validly elected to proceed pro se and was afforded a proper hearing at which Magistrate Judge Gallagher ensured that he was making a proper voluntary decision and was provided stand-by counsel. See Transcript of Attorney Inquiry Hearing, ECF No. 139 (Nov. 12, 2014).

However, even if Petitioner could complain about his own actions as counsel, he has presented no adequate ground for relief. Indeed, one of his main complaints, that there was no motion to dismiss for violation of the Speedy Trial Act, is inaccurate. See Motion to Dismiss for Lack of Speedy Trial, ECF No. 25.

### H. Cumulative Error (Ground 13)

Petitioner asserts that there was "blatant multitude of procedural, prejudicial and potential constitutional violations" that occurred, and states that he "cannot assert all violations," presumably because there are too many. Pet.'s Mot. at 7, ECF No.

123. This sweeping statement is not adequate to identify any particular plausible contention for judicial consideration.

### I. Sixth Amendment Violation: Denial of Right to Counsel (Ground 14)

Petitioner asserts that Judge Quarles erred by not appointing counsel to represent him at trial when, on the very morning that the trial started, he sought to revoke his prior assertion of the right to proceed pro se.

Judge Quarles correctly denied the request, stating:

> Riley was given numerous opportunities to have counsel and was informed of the consequences of his decision; he elected to go to trial pro se. Only on the morning of trial, did Riley assert that he wanted a three-month delay so stand-by counsel could become defense counsel. The request "countervail[s] []the public interest in proceeding on schedule."

Memorandum Opinion at 49, ECF No. 70 (citations omitted). Under the circumstances, this Court agrees with Judge Quarles's determination.

### J. Lack of Formal Arraignment (Ground 15)

Petitioner claims that he was not formally arraigned. He has, however, shown no resulting prejudice from the absence of formal arraignment. He has not shown that he would have obtained any information at an arraignment that would have been material or that would have resulted in any meaningful action by him.

Furthermore, he did not assert any issue regarding a lack of formal arraignment on his direct appeal, so this claim is procedurally defaulted.

K.  Certification of Appealability

The Court finds no non-frivolous ground for appeal in the instant case. Accordingly, the Court shall not issue a Certificate of Appealability.

IV. CONCLUSION

For the reasons stated herein:

    1.  Petitioner's Motion Under 28 USC 2255 [sic] to Vacate, Set Aside, or Correct Sentence By a Person In Federal Custody [ECF No. 123] is DENIED.

    2.  The Court shall not issue a Certificate of Appealability.

    3.  This action is without prejudice to the Defendant's right to seek a Certificate of Appealability from an appellate court.

SO ORDERED, this Monday, May 14, 2018.

/s/
Marvin J. Garbis
United States District Judge