IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA

v.

DAMIEN RILEY,
    Defendant.

Criminal No.:  ELH-13-0608

**MEMORANDUM OPINION**

Damien Riley, the self represented Petitioner, has moved for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A)(iv).  *See* ECF 162; ECF 164; ECF 165 (collectively, the "Motion").  He has also submitted several exhibits.  The government opposes the Motion.  ECF 167.  Riley has replied.  ECF 171.  The Federal Public Defender ("FPD") has moved to submit an amicus brief on behalf of Riley (ECF 169) but declines to represent him.  *Id.*  I shall grant the FPD motion.  The amicus brief is docketed at ECF 169-1.

No hearing is necessary to resolve the Motion.  For the reasons that follow, I shall deny the Motion.

## I.    Factual Background

Riley was indicted on October 31, 2013.  ECF 1.  The case was assigned to Judge William D. Quarles, Jr.[1]  In a Second Superseding Indictment, filed on November 25, 2014 (ECF 41), Riley was charged in seven counts.  Counts One, Three, Four, and Five related to possession with intent to distribute heroin, and Count Two related to possession with intent to distribute cocaine.  Count

---

[1] In a Memorandum Opinion of February 4, 2015 (ECF 90), Judge Quarles provided helpful factual background, which I incorporate here.   After the retirement of Judge Quarles, the case was reassigned to Judge Marvin Garbis.  Then, due to the retirement of Judge Garbis, the case was reassigned to me on July 17, 2018.  *See* Docket.

Six charged Riley with possession of a firearm and ammunition by a convicted felon. Count Seven charged the maintenance of premises for the distribution of drugs.

Following a jury trial before Judge Quarles that began in February 2015 (ECF 67), Riley was convicted of Counts One, Two, Three, and Four. ECF 85. The jury did not reach a unanimous verdict as to Count Five (possession with intent to distribute heroin); Count Six (unlawful firearm possession); or Count Seven (maintenance of a place for the purpose of manufacturing, storing, distributing, and using controlled substances).

Sentencing was held on May 26, 2015. ECF 104. The defendant, born in June 1980, was 34 years old. According to the Presentence Report ("PSR," ECF 92), defendant had an offense level of 12, based on the drug quantity. *Id.* ¶¶ 16, 21. However, defendant qualified as a Career Offender under § 4B1.1(a) of the federal sentencing guidelines ("Guidelines" or "U.S.S.G."), based on his previous felony convictions under Maryland law for robbery with a dangerous weapon and a felony controlled dangerous substance. *See id.* ¶¶ 22, 27, 28; ECF 108 (Statement of Reasons). As a result, Riley's Offense Level increased dramatically, to a 32. ECF 92, ¶ 22. And, he did not receive deductions for acceptance of responsibility. *Id.* ¶ 23.

The defendant had 8 criminal history points, which equates to a Criminal History Category of IV. *Id.* ¶ 30. However, because defendant qualified as a Career Offender, defendant had a Criminal History Category of VI. *Id.* ¶ 31.

With an offense level of 32 and a Criminal History Category of VI, defendant's Guidelines called for a sentence ranging between 210 and 262 months of imprisonment. *Id.* ¶ 54. In contrast, an offense level of 12 and a Criminal History Category of IV results in Guidelines of 21 to 27 months' imprisonment.

Judge Quarles sentenced Petitioner to a Guidelines sentence.  He imposed concurrent terms of incarceration of 210 months, with credit from October 24, 2013.  *See* ECF 107 (Judgment); ECF 92 at 2.

Riley appealed to the United States Court of Appeals for the Fourth Circuit.  ECF 109.  He expressly challenged his designation as a Career Offender, arguing that his prior conviction for Maryland robbery with a dangerous weapon did not qualify as a predicate "crime of violence." ECF 121 at 3.   On May 9, 2017, the Fourth Circuit affirmed the conviction and sentence.  ECF 121; ECF 162-1; *United States v. Riley*, 856 F.3d 326 (4th Cir. 2017), *cert. denied*, 138 S. Ct. 273 (2017).  The Court said, 856 F.3d at 328:

> The only question on appeal is whether Maryland robbery with a dangerous weapon qualifies as a "crime of violence."   We conclude that it does.

Riley subsequently filed a post conviction petition under 28 U.S.C. § 2255, asserting multiple grounds.  ECF 123.  A supplement was also filed.  ECF 124.  Due to the retirement of Judge Quarles, the case was reassigned to Judge Marvin Garbis.  In a Memorandum and Order of May 14, 2018, Judge Garbis denied post conviction relief.  ECF 146.  Riley's appeal (ECF 151) was subsequently dismissed.  ECF 157.[2]

On March 16, 2020, Riley moved for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(iv) (D-other Reasons)."  ECF 162.  He referenced "the 798 Amendment" to the Guidelines.  *Id.*  Thereafter, on March 24, 2020, Riley filed a motion "to correct clerical error . . . ." ECF 164.   In particular, he asserted that the Clerk "'mistakenly'" entered his motion under 18 U.S.C. § 3582(c)(2) based on the retroactive application of Amendment 782 to the Guidelines.  *Id.* And, on March 31, 2020, Riley asked the Court to construe his submission of March 16, 2020, as

---

[2] In the interim, in July 2018, the case was reassigned to me, due to the retirement of Judge Garbis.  *See* Docket.

a request for immediate release under the First Step Act, pursuant to 18 U.S.C. § 3582(c)(1)(A)(iv)(D), for "extraordinary and compelling reasons."  ECF 165 at 1.  He cited, *inter alia*, Amendment 798 to the Guidelines, and complained about the "impact" of the "now defunct residual clauses," which "elevated" his Guidelines.  *Id.* at 4.  According to Riley, if Amendment 798 had been in effect at the time of his sentencing, his Guidelines range would have been 21-27 months of incarceration.  *Id.*  And, he argues that the Court may use the "catch-all provision" in the First Step Act to reduce the sentence.  *Id.* at 3.

## II.

Riley seeks compassionate release based on Amendment 798 to the Guidelines and 18 U.S.C. § 3582(c)(1)(A), not 18 U.S.C. § 3582(c)(2).  Amendment 798 went into effect in August 2016, following the Supreme Court's decision in *Johnson v. United States*, 576 U.S. 591 (2015), as discussed, *infra*.  Amendment 798 redefined "crime of violence" in U.S.S.G. § 4B1.2 to omit reference to the so called residual clause, which was held unconstitutional in *Johnson*.

Riley does not rely on the pandemic or his health conditions as a basis for release.  The government agrees that Riley has satisfied the administrative requirements to apply to the Court for compassionate release.  ECF 167 at 3.

Ordinarily, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); *see Dillon v. United States*, 560 U.S. 817, 824-25 (2010); *United States v. Chambers*, 956 F.3d 667, 671 (4th Cir. 2020); *United States v. Jackson,* 952 F.3d 492, 495 (4th Cir. 2020); *United States v. Martin*, 916 F.3d 389, 395 (4th Cir. 2019).  But, "the rule of finality is subject to a few narrow exceptions."  *Freeman v. United States*, 564 U.S. 522, 526 (2011).  One such exception is when the modification is "expressly permitted by statute."  18 U.S.C. § 3582(c)(1)(B); *see Jackson*, 952 F.3d at 495.

4

Commonly termed the "compassionate release" provision, 18 U.S.C. § 3582(c)(1)(A)(i) provides a statutory vehicle to modify a defendant's sentence. Section 3582 was adopted as part of the Sentencing Reform Act of 1984. It originally permitted a court to alter a sentence only upon a motion by the Director of the Bureau of Prisons ("BOP"). *See* Pub. L. No. 98-473, § 224(a), 98 Stat. 2030 (1984). Thus, a defendant seeking compassionate release had to rely on the BOP Director for relief. *See*, *e.g*., *Orlansky v. FCI Miami Warden*, 754 F. App'x 862, 866-67 (11th Cir. 2018); *Jarvis v. Stansberry*, No. 2:08CV230, 2008 WL 5337908, at *1 (E.D. Va. Dec. 18, 2008) (denying  motion for compassionate release because § 3582 "vests absolute discretion" in the BOP).

However, for many years the safety valve of § 3582 languished. The BOP rarely filed motions on an inmate's behalf. As a result, compassionate release was exceedingly rare. *See Hearing on Compassionate Release and the Conditions of Supervision Before the U.S. Sentencing Comm'n* 66 (2016) (statement of Michael E. Horowitz, Inspector General, Dep't of Justice) (observing that, on average, only 24 inmates were granted compassionate release per year between 1984 and 2013).

In December 2018, Congress significantly amended the compassionate release mechanism when it enacted the First Step Act of 2018 ("FSA"). *See* Pub. L. 115-391, 132 Stat. 5239 (2018). As amended by the FSA, 18 U.S.C. § 3582(c)(1)(A) permits a court to reduce a defendant's term of imprisonment "upon motion of the Director of [BOP], or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility," whichever occurs first. So, once a defendant has exhausted his administrative remedies, he may petition a court directly for compassionate release.

Section 3582(c) of 18 U.S.C. is titled "Modification of an imposed term of imprisonment." Under § 3582(c)(1)(A), the court, upon motion of the Director of BOP or the defendant, upon exhaustion of administrative rights,  may modify the defendant's sentence if, "after considering the factors set forth in section 3553(a) to the extent that they are applicable," it finds that

> (i) extraordinary and compelling reasons warrant such a reduction; or

> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);

> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

"When deciding whether to reduce a defendant's sentence under § 3582(c)(1)(A), a district court may grant a reduction only if it is 'consistent with applicable policy statements issued by the Sentencing Commission.'" *United States v. Taylor*, 820 Fed. App'x 229, 230 (4th Cir. 2020) (per curiam) (citing 18 U.S.C. § 3582(c)(1)(A)); *see also* 28 U.S.C. § 994(t) (directing Sentencing Commission to "describe what should be extraordinary and compelling reasons for sentence reduction").

In sum, in order to qualify for relief under 18 U.S.C. § 3582(c)(1)(A)(i), a defendant must demonstrate that (1) "extraordinary and compelling reasons" warrant a reduction of the sentence; (2) the factors set forth in 18 U.S.C. § 3553(a) countenance a reduction; (3) the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and (4) the sentence modification is "consistent" with the policy statement issued by the Sentencing Commission in U.S.S.G. § 1B1.13.

U.S.S.G. § 1B1.13 is titled "Reduction in Term of Imprisonment Under 18 U.S.C. § 3582(c)(1)(A) (Policy Statement)." U.S.S.G. § 1B1.13(1)(A) provides for a sentence reduction

based on "extraordinary and compelling reasons," and § 1B1.13(1)(B) provides for a reduction based on age, in combination with other requirements. U.S.S.G. § 1B1.13(2) establishes as a relevant factor that "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)."

The Application Notes permit compassionate release based on circumstances involving illness, declining health, age, exceptional family circumstances, as well as "other reasons." Application Note 1 to U.S.S.G. § 1B1.13 defines "Extraordinary and Compelling Reasons" in part as follows:

> 1. **Extraordinary and Compelling Reasons**.—Provided the defendant meets the requirements of subdivision (2), extraordinary and compelling reasons exist under any of the circumstances set forth below:[3]
>
> (A)  **Medical Condition of the Defendant**.—
>
>> (i) The defendant is suffering from a terminal illness (*i.e.*, a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (*i.e.*, a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
>>
>> (ii) The defendant is—
>>
>>> (I)  suffering from a serious physical or medical condition.
>>>
>>> (II) suffering from a serious functional or cognitive impairment, or
>>>
>>> (III) experiencing deteriorating physical or mental health because of the aging process,
>>
>> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

---

[3] Subsection (2) of U.S.S.G. § 1B1.13 establishes as a relevant factor that "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(2).

Application Note 1(B) provides that age is an extraordinary and compelling reason where the defendant is at least 65 years of age, has serious physical or mental health issues, and has served at least 10 years in prison or 75% of the sentence. Application Note 1(C) concerns Family Circumstances. And, of relevance here, application Note 1(D) is titled "**Other Reasons.**" It permits the court to reduce a sentence where, "[a]s determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." U.S.S.G. § 1B1.13 App. Note 1(D).

The BOP regulation appears at Program Statement 5050.50, Compassionate Release/Reduction in Sentence: Procedures for Implementation of 18 U.S.C. §§ 2582 and 4205. The Court may not rely on the Program Statement, however. Rather, the Court must consider the Sentencing Commission's policy statements. *Taylor*, 820 Fed. App'x at 230.

The defendant, as the movant, bears the burden of establishing that he is entitled to a sentence reduction under 18 U.S.C. § 3582. *See, e.g.*, *United States v. Hamilton*, 715 F.3d 328, 337 (11th Cir. 2013); *United States v. Edwards*, NKM-17-00003, 2020 WL 1650406, at *3 (W.D. Va. Apr. 2, 2020). If the defendant can show an extraordinary and compelling reason that renders him eligible for a sentence reduction, the Court must then consider the factors under 18 U.S.C. § 3553(a) to determine whether, in its discretion, a reduction of sentence is appropriate. *Dillon*, 560 U.S. at 827. But, compassionate release is a "rare" remedy. *United States v. Chambliss*, 948 F.3d 691, 693-94 (5th Cir. 2020); *United States v. Mangarella*, FDW-06-151, 2020 WL 1291835, at *2-3 (W.D. N.C. Mar. 16, 2020); *White v. United States*, 378 F. Supp. 3d 784, 787 (W.D. Mo. 2019).

### III.

The government contends that "the compassionate release statute cannot, and should not, be construed to permit a sentencing reduction under a basis that is directly contrary to the policy statements of the Sentencing Commission." ECF 167 at 1; *see id.* at 9. It posits that Amendment 798 has not been made retroactive and therefore it cannot serve as a basis for Riley's release. *Id.* at 9-10, 12.

Riley complains that the residual clause "elevated" his Guidelines range. ECF 162 at 4. Moreover, he argues that if Amendment 798 had been in effect when he was sentenced in May 2015, this "would have benefited" him. *Id.*; *see also* ECF 164 at 2; ECF 165 at 2.

The FPD observes that Mr. Riley does not seek retroactive application of Amendment 798. ECF 169-1 at 6. The FPD posits, *id.*: "Mr. Riley's motion is based squarely on the statutory change to § 3582(c)(1)(A)(i) that was effectuated by Section 603(b) of the First Step Act. The revised statute allows an inmate to petition the court for relief . . . 'in any case' . . . presenting 'extraordinary and compelling reasons' . . . ." In the view of the FPD, this Court "can grant compassionate release based on a gross sentencing disparity caused by a career-offender enhancement *that does not apply under the law today*." ECF169 at 1 (emphasis added); *see* ECF 169-1 at 1. But, the FPD also indicates that "this issue is not necessary to the resolution" of defendant's case. ECF 169 at 1.

According to the FPD, the Court may reduce a sentence "'in any case'" that presents an extraordinary and compelling reason, "'as long as such a reduction is consistent with the applicable policy statement.'" ECF 169-1 at 6. It posits that an extraordinary and compelling reason for compassionate release exists here because, if the defendant were sentenced today, he would not qualify as a Career Offender. *Id.* at 7. The FPD states, *id.*: "The sentencing disparity caused by

the Career-Offender enhancement . . . is an 'extraordinary and compelling reason' for compassionate release."

Section 3582 provides that a sentencing reduction must be "consistent" with the Sentencing Commission's policy statements. And, some courts have concluded that although the FSA expanded access to compassionate release, it did not enlarge its scope. *See United States v. Ebbers*, ___ F. Supp. 3d ___, 2020 WL 91399, *4 (S.D.N.Y. Jan. 8, 2020); *United States v. Willingham*, No. CR113-010, 2019 WL 6733028, at *2 (S.D. Ga. Dec. 10, 2019); *United States v. Lynn*, No. CR 89-72, 2019 WL 3805349, at *4 (S.D. Ala. Aug. 13, 2019).

However, this appears to be the minority view. The growing consensus among judges in this District and elsewhere is that § 1B1.13 is not a straightjacket. *See United States v. Scott*, ___ F. Supp. 3d ___, 2020 WL 2508894, at *8 (E.D. Wis. May 15, 2020) (describing the "majority position"); *see, e.g.*, *United States v. Mel*, TDC-18-0571, 2020 WL 2041674, at *3 (D. Md. Apr. 28, 2020); *United States v. Haynes*, No. 93 CR 1043 (RJD), 2020 WL 1941478, at *14 (E.D.N.Y. Apr. 22, 2020); *United States v. Decatur*, ___ F. Supp. 3d ___, 2020 WL 1676219, at *2-3 (D. Md. Apr. 6, 2020);[4] *United States v. Redd*, ___ F. Supp. 3d ___, 2020 WL 1248493, at *8 & n.18 (E.D. Va. Mar. 16, 2020); *United States v. Lisi*, ___ F. Supp. 3d ___, 2020 WL 881994, at *3 (S.D.N.Y. Feb. 24, 2020); *see* ECF 180 at 3-6 (collecting cases). Indeed, good reasons exist to doubt that the policy statement is binding.

For starters, U.S.S.G. § 1B1.13 is outdated in light of the FSA. It presupposes that § 3582 review is available only upon motion by the BOP, which is no longer correct. *See* U.S.S.G. § 1B1.13 cmt. n.4. The commentary also delegates authority to the BOP to identify circumstances

---

[4] The government's appeal to the Fourth Circuit is pending.

that warrant compassionate release.  *See id.* cmt. n.1(D).[5]  Moreover, cabining the application of §

3582 to the scenarios set forth in the commentary accompanying U.S.S.G. § 1B1.13 is contrary to

the FSA, which Congress  enacted to remove the BOP as the gatekeeper of compassionate release.

*See* 164 Cong. Rec. S7314-02 (Dec. 5, 2018) (statement by Sen. Cardin) (noting that the FSA was

intended to "expand[] compassionate release").  But, where a federal statute and Guidelines

commentary conflict, the former always prevails.  *See Stinson v. United States*, 508 U.S. 36, 40-

42 (1993); *United States v. Allen*, 909 F.3d 671, 675 (4th Cir. 2018).[6]

Accordingly, although the Sentencing Commission's commentary is instructive, I conclude

that the Court retains discretion to determine whether "extraordinary and compelling reasons"

warrant a sentence reduction under § 3582(c)(1)(A)(i).

Amendment 798 modified the definition of crime of violence in U.S.S.G. § 4B1.2 to

remove the "residual clause" of that definition.  As amended, U.S.S.G. § 4B1.2(a) now states:

(a)      The term "crime of violence" means any offense under federal or state law,
         punishable by imprisonment for a term exceeding one year, that—

         (1)      has as an element the use, attempted use, or threatened use of
                  physical force against the person of another, or

---

[5] U.S.S.G. § 1B1.13 was last substantively amended on November 1, 2016.  As many courts have observed, the failure to harmonize § 1B1.13 following the enactment of the FSA is best explained by the fact that the Commission is two voting commissioners shy of the necessary four to amend the Guidelines. *See About the Commissioners*, U.S. SENTENCING COMM'N, https://bit.ly/3fSLLcr  (last accessed May 15, 2020); *see, e.g.*, *United States v. Beck*, 425 F. Supp. 3d 573, 579 n.7 (M.D.N.C. 2019).

[6] Although *Stinson* was decided before *United States v. Booker*, 543 U.S. 220 (2005), in which the Supreme Court held that the Guidelines are only advisory, not mandatory, the Fourth Circuit has continued to cite *Stinson* regarding the commentary's binding effect on the Guidelines. *See United States v. Shell*, 789 F.3d 335, 340 (4th Cir. 2015) (applying *Stinson*).

As to *Booker*, it does not resolve whether U.S.S.G. § 1.B1.13 is binding on the Court.  *See Dillon v. United States*, 560 U.S. 817, 829-30 (2010) (holding that Guidelines policy statement was binding on the interpretation of 18 U.S.C. § 3582(c)(2) and that *Booker* was inapplicable due to the fundamental difference between sentencing and sentence-modification proceedings).

> (2)     is murder, voluntary manslaughter, kidnapping, aggravated assault, a forcible sex offense, robbery, arson, extortion, or the use or unlawful possession of a firearm described in 26 U.S.C. § 5845(a) or explosive material as defined in 18 U.S.C. § 841(c).

Notably, Amendment 798 did not alter or affect the definition of "controlled substance offense" in U.S.S.G. § 4B1.2(b).  Rather, it only modified the definition of "crime of violence," so that a crime now constitutes one of violence if the crime involved the "use of force" or it is one of the enumerated crimes found in subsection (2).

Mr. Riley and the FPD claim that if Amendment 798 had been in effect when he was sentenced, he would not have qualified as a Career Offender.  Indeed, this position is central to the defense position.  Like the government, I disagree.  Even if Amendment 798 were in effect when defendant was sentenced, he would have been a career offender.  *See* U.S.S.G. § 4B1.2.

In *Johnson v. United States*, 576 U.S. 591 (2015), the Supreme Court ruled that the residual clause of the Armed Career Criminal Act's definition for violent felony, at 18 U.S.C. § 924(e)(2)(B)(ii), was unconstitutionally vague.  That provision had defined violent felony to include any felony that "involves conduct that presents a serious potential risk of physical injury to another."  The *Johnson* Court concluded that the definition of violent felony was unconstitutionally vague.  *Id.* at 597.  Then, in *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018), the Supreme Court applied *Johnson* to the residual clause of the crime of violence definition in 18 U.S.C. § 16(b). *Dimaya*, 138 S. Ct. at 1210.  And, on June 24, 2019, the Supreme Court issued its decision in *United States v. Davis*, 139 S.Ct. 2319 (2019), ruling that the "residual clause" definition of a crime of violence in 18 U.S.C. § 924(c)(3)(B) was unconstitutionally vague.  *Id.* at 2334.

A person qualifies as a Career Offender if the instant offense of conviction is a "controlled substance offense" or a "crime of violence," as defined in U.S.S.G. § 4B1.2(a) and (b).  And, the defendant must have committed the instant offense when he was at least 18 years old.  In addition, he must have two prior qualifying felony convictions, for either a crime of violence or a controlled substance offense.  U.S.S.G. § 4B1.1(a); *see also* § 4B1.2(c).

As noted, Amendment 798 redefined "crime of violence" by eliminating the residual clause.  However, Amendment 798 did not change the definition of "controlled substance offense."  Therefore, the defendant's underlying conviction for possession with the intent to distribute narcotics, in violation of 21 U.S.C. § 841(a)(1), remains a qualifying controlled substance offense.  And, the defendant's prior felony drug distribution conviction under Maryland law remains a qualifying controlled substance offense.  *See* ECF 92, ¶ 28.  As to that offense, he was convicted in 2003 and sentenced to a term of incarceration of two years and six months.  *Id.*  Thus, the only issue is whether the defendant's prior Maryland robbery conviction in 1999 is a qualifying predicate.

Significantly, the "force" clause of the definition for crime of violence remains unaltered by Amendment 798.  And, the Maryland offense of robbery qualifies as a crime of violence under the force clause.  Indeed, the Fourth Circuit has expressly ruled that the Maryland crime of robbery constitutes a "crime of violence" for purposes of the force clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e).  *See United States v. Johnson*, 945 F.3d 174, 180 (4th Cir. 2019) (concluding that Maryland robbery constitutes a violent felony for purposes of the force clause of the Armed Career Criminal Act)[7]; *see also United States v. Wilson,* 951 F.2d 586, 588 (4th Cir.

---

[7] The government states that the Fourth Circuit is currently considering the question of whether Maryland robbery constitutes a § 4B1.2 "crime of violence" in *United States v. Dickson*, appeal number 19-4226.  *See* ECF 167 at 14, n.6.

1991) (concluding that Maryland robbery satisfies the force clause); *Ennis v. United States*, RWT-13-0284, 2018 WL3092196 at * 3 (D. Md. Jun. 22, 2018) ("Ennis's Maryland robbery conviction is a crime of violence under the force clause.").

By way of analogy, federal law concerning Hobbs Act robbery is also instructive.  The Hobbs Act provides, 18 U.S.C. § 1951(a):

> Whoever in any way or degree obstructs, delays, or affects commerce … by robbery or extortion or attempts or conspires so to do, or commits or threatens physical violence to any person or property in furtherance of a plan or purpose to do anything in violation of this section shall be fined under this title or imprisoned not more than twenty years, or both.

"Robbery" is defined under the statute as the taking of personal property from another "by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his person or property."  18 U.S.C. § 1951(b)(1).

The Fourth Circuit has ruled that Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a), "categorically" qualifies as a crime of violence under the force clause of 18 U.S.C. § 924(c). *See United States v. Mathis*, 932 F.3d 242, 266 (4th Cir. 2019), *cert. denied sub nom. Uhuru v. United States*, 140 S. Ct. 640 (2019), and *Stokes v. United States*, 140 S. Ct. 640 (2019).  In reaching that decision, the *Mathis* Court relied on its prior decision in *United States v. McNeal*, 818 F.3d 141 (4th Cir. 2016), and concluded that Hobbs Act robbery requires the use, attempted use, or threat of physical force, even when the offense only involves "fear of injury," because that term is synonymous with "intimidation," which necessarily "involves the threat to use [physical] force." *Mathis*, 932 F.3d at 266.  *But see United States v. Taylor*, 978 F.3d 73 (2020) (concluding that *attempted* robbery is not a crime of violence).

In sum, Amendment 798 does not impact the defendant's Career Offender status. His instant offense was a controlled substance offense, and he had two prior qualifying convictions.

One was a felony controlled substance offense and one was for a crime of violence. Therefore, Amendment 798 does not warrant consideration here.  Even if Amendment 798 were in effect when defendant was sentenced, it would not advance his claim that he was not a Career Offender.

Moreover, even if the defendant were eligible for compassionate release under the FSA, a reduction of sentence is not warranted after consideration of the factors set forth in 18 U.S.C. § 3553(a). A court must consider those factors when ruling on a compassionate release motion. *See Dillon*, 560 U.S. at 826-27 (concluding § 3582(c)(2) establishes a similar two-step inquiry); *United States v. Trotman*, 2020 WL 6743609, at *2 (4th Cir. Nov. 17, 2020) (per curiam) (recognizing that, when considering a motion to reduce sentence under 18 U.S.C. § 3582(c)(1)(A), the court must consider the sentencing factors under 18 U.S.C. § 3553(a), to the extent applicable); *United States v. Chambliss*, 948 F.3d 691, 693-94 (5th Cir. 2020).

Section 3553(a) provides that "[t]he court shall impose a sentence sufficient, but not greater than necessary," to comply with the purposes described in § 3553(a)(2):

> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>
> (B) to afford adequate deterrence to criminal conduct;
>
> (C) to protect the public from further crimes of the defendant; and
>
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

18 U.S.C. § 3553(a)(2)(A)-(D). Section 3553(a) also requires a sentencing court to consider the applicable guidelines. 18 U.S.C. § 3553(a)(4).

The defendant, who was born in June 1980 (ECF 92 at 3), is now 40 years of age.  As noted, if he were not a Career Offender, he would have had a final offense level of 12 with a

criminal history category of IV.  The Guidelines range would have called for a sentence of 21 to 27 months of incarceration.  Yet, because of the defendant's designation as a Career Offender, his offense level jumped dramatically to a 32, and his criminal history category increased to VI.

I am mindful that defendant's longest prior sentence was five years, imposed for robbery with a deadly weapon (handgun) in July 1998, when the defendant was 18 years old.  *See* ECF 92, ¶ 27.  The Presentence Report reflects that the defendant struck the victim with a handgun and the weapon discharged.  As a result, the victim was shot in the right hand.  *Id.*  Two handguns were recovered from the defendant.  *Id.*  And, the defendant only served about three years of that five-year sentence.  *Id.*  But, this is his second federal offense.  In 2002, defendant was charged in federal court with being a felon in possession, for which Judge Garbis sentenced him to 30 months of incarceration.  *Id.* ¶ 29.

In this case, the defendant committed a series of drug-trafficking offenses, distribution of heroin, on multiple dates during August and September of 2013.  *See* ECF 92, ¶¶ 7-10.  He went to trial and was convicted, and thus did not receive deductions for acceptance of responsibility. Notably, it was the defendant's fourth felony offense, following a robbery with a deadly weapon (1998, ECF 92, ¶ 27); possession with intent to distribute (2002, ECF 92, ¶ 28), and a prior *federal* conviction for possession of a firearm by a felon (2002, ECF 92, ¶ 29).  These earlier prosecutions did not deter the defendant from criminal conduct.

The defendant's advisory guidelines range was 210-262 months imprisonment.  ECF 92, ¶ 54.  Judge Quarles imposed a sentence at the bottom of that range.  The sentence is harsh.  But, the provision of § 3582(c)(1)(A)(iv) is not a vehicle to resentence the defendant merely because I might have imposed a more lenient sentence.

In sum, there is no legal basis on which to reduce the sentence.  Therefore, the Motion is denied, without prejudice to the right of Mr. Riley to submit another motion, if warranted.


Date:   November 18, 2020                    _____/s/_____
                                             Ellen L. Hollander
                                             United States District Judge

17