IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Criminal No.: ELH-13-0608 |
| DAMIEN RILEY, | |
| Defendant. | |

**MEMORANDUM OPINION**

In February 2015, a jury in the District of Maryland convicted Damien Riley, the self-represented defendant, of multiple drug offenses. *See* ECF 84. According to the Presentence Report ("PSR," ECF 92), Riley qualified as a career offender under § 4B1.1(a) of the U.S. Sentencing Guidelines ("U.S.S.G." or "Guidelines"), based on his previous felony convictions in Maryland for robbery with a dangerous weapon and distribution of a controlled dangerous substance. *See* ECF 92, ¶ 22; ECF 108 (Statement of Reasons). Riley's career offender designation resulted in a substantial increase in his sentencing range under the Guidelines, from between 21 and 27 months of imprisonment to between 210 and 262 months. Judge William D. Quarles, Jr., to whom the case was then assigned, sentenced Riley to a term of 210 months of imprisonment. *See* ECF 104; ECF 107.[1]

Riley has filed numerous motions, pro se. They include "Motion To The Court To Exercise Its Discretion Pursuant to 18 USC 3553(A)(1), In Light of the U.S.S.G. 798 Amendment which Deleted 4B1.1's Residual Clause Crime of Violence Definition Used To Determine And Enhance

---

[1] In November 2017, due to the retirement of Judge Quarles, the case was reassigned to Judge Marvin Garbis. Then, due to the retirement of Judge Garbis, the case was reassigned to me on July 17, 2018. *See* Docket.

Rileys [sic] Sentence." (ECF 177); "Supplement Motion in Support of 18 U.S.C. § 3553(a) Motion . . . ." (ECF 179); "Motion Requesting the Clerk To Correct The Recent December Filings To Motions Requesting A Downward Variance, Pursuant to 18 U.S.C. 553(A) . . . ." (ECF 180); "Motion Request To Expedite Variance Motion Ruling Due To Harsh Sentence" (ECF 181); "Motion Request To Re-Assert The Previously Filed Motions . . . ." (ECF 187); "Motion in Support of Over-Representation of Criminal History Departure/Downward Variance . . . Pursuant to U.S.S.G. 4A1.3(B) . . . ." (ECF 191); "Motion To Supplement Previously Filed Motions, And To Respond To Governments [sic] Opposition . . . ." (ECF 192); "Supplement and Response to the Governments [sic] 9.7.21 Opposition . . . ." (ECF 193); "Supplement In Support Of Downward Departure Or Variance . . . ." (ECF 194); "Motion Request To Supplement Recently Filed Downward Departure Motions . . . Pursuant to U.S.S.G. 4A1.3; 18 USC 3553(A)(1); (A)(6)" (ECF 195); "Motion Request To Counter Governments [sic] Maryland Common Law Robbery With A Deadly Weapon, Crime Of Violence Argument . . . ." (ECF 209) and "Motion Request to Supplement the Previously Filed Motion . . . ." (ECF 210). Additional submissions and correspondence are docketed at ECF 188, ECF 190, ECF 196, ECF 198, ECF 199, and ECF 200.

As best the Court can understand, Riley's various filings boil down to a request for a "downward departure" or a "downward variance," on the ground that the Guidelines sentencing range in his case substantially overstated his criminal history. Moreover, Riley appears to contend that one of his two career offender predicate convictions, robbery with a dangerous weapon, does not qualify as a "crime of violence" under the law.

The government's opposition is docketed at ECF 186. In response to the Court's Orders of June 28, 2022 (ECF 202) and July 5, 2022 (ECF 203), the government filed a supplemental brief on July 26, 2022. ECF 204. The government takes the position that, if Riley were sentenced

today, he would continue to qualify as a career offender, including in light of *Dickson v. United States*, 478 Md. 255, 274 A.3d 366 (2022).

The Office of the Federal Public Defender ("FPD") has filed a "Brief As Amicus Curiae In Support Of Mr. Riley's Argument That He No Longer Qualifies As A Career Offender." ECF 205.[2] The government filed a response (ECF 212), along with a notice of supplemental authority. ECF 214. The FPD replied (ECF 216) and also submitted supplemental authority. ECF 218. Then, on October 10, 2022, the government again responded. ECF 219. The following day, the FPD filed a reply to the government's response. ECF 220.

In sum, the FPD contends that Riley's other career offender predicate offense – distribution of a controlled dangerous substance under Maryland law – no longer qualifies as a "controlled substance offense" supporting a career offender designation, because it can be committed by the attempted transfer of drugs and because of "a categorical mismatch between the Maryland cocaine definition" in 2003 and the current definition. *Id.* at 2. The government argues, *inter alia,* that the case law on which the FPD relies is inapposite because Riley was convicted of a completed, substantive, non-inchoate felony offense. ECF 212 at 9.

No hearing is necessary to resolve the motions. For the reasons that follow, I shall grant Riley's various motions to supplement or "re-assert" his original motion. *See, e.g.*, ECF 187; ECF 195; ECF 210. But, I shall deny the substantive motions, without prejudice, *i.e.*, ECF 177; ECF 180; ECF 181; ECF 191; ECF 209.

---

[2] The Court does not know why the FPD appears only as amicus, or why it has not undertaken to represent Riley.

### I.  Factual Background[3]

Riley was indicted on October 31, 2013. ECF 1. In a Second Superseding Indictment filed on November 25, 2014 (ECF 41), Riley was charged in seven counts. Counts One, Three, Four, and Five charged him with possession with intent to distribute heroin, and Count Two alleged possession with intent to distribute cocaine. Count Six charged Riley with possession of a firearm and ammunition by a convicted felon. Count Seven charged the maintenance of premises for the distribution of drugs.

Following a jury trial before Judge Quarles in February 2015 (ECF 67), Riley was convicted of Counts One, Two, Three, and Four. ECF 85. The jury did not reach a unanimous verdict as to Count Five (possession with intent to distribute heroin); Count Six (unlawful firearm possession); or Count Seven (maintenance of a place for the purpose of manufacturing, storing, distributing, and using controlled substances). The Verdict Sheet, ECF 84, reflects that as to Counts Five, Six, and Seven, the jury voted 11 to 1 to convict. *See also* ECF 85.

Sentencing was held on May 26, 2015. ECF 104. The defendant, born in June 1980, was 34 years old. According to the PSR, defendant had an offense level of 12, based on the drug quantity. ECF 92, ¶¶ 16, 21. But, because of Riley's career offender designation, his offense level increased to 32. *Id.* ¶ 22. And, given that Riley proceeded to trial, he did not receive deductions under U.S.S.G. § 3E1.1 for acceptance of responsibility. *Id.* ¶ 23.

---

[3] I incorporate the factual background provided in Judge Quarles's Memorandum Opinion of February 4, 2015 (ECF 70), addressing various pretrial motions. I also incorporate the factual background set forth in my Memorandum Opinion of November 18, 2020 (ECF 175), denying Riley's motion for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A)(iv).

The defendant had 8 criminal history points, which equates to a criminal history category of IV. ECF 92, ¶ 30. However, because defendant qualified as a career offender, his criminal history category was increased to VI, under U.S.S.G. § 4B1.1(b). *Id.* ¶ 31.

With an offense level of 32 and a criminal history category of VI, defendant's Guidelines called for a sentence ranging between 210 and 262 months of imprisonment. *Id.* ¶ 54. In contrast, an offense level of 12 and a criminal history category of IV would have yielded Guidelines of 21 to 27 months of imprisonment.

Judge Quarles sentenced Riley to a Guidelines sentence, at the bottom of the range. He imposed concurrent terms of incarceration of 210 months, with credit from October 24, 2013. *See* ECF 107 (Judgment); ECF 92 at 2.

Riley noted an appeal to the United States Court of Appeals for the Fourth Circuit. ECF 109. On appeal, he expressly challenged his designation as a career offender, arguing that his prior conviction for Maryland robbery with a dangerous weapon did not qualify as a predicate "crime of violence." ECF 121 at 3. The Fourth Circuit affirmed the conviction and sentence on May 9, 2017. ECF 121; ECF 162-1; *United States v. Riley*, 856 F.3d 326 (4th Cir. 2017). The Court said, *id.* at 328:

> The only question on appeal is whether Maryland robbery with a dangerous weapon qualifies as a "crime of violence." We conclude that it does.

Riley sought certiorari to the Supreme Court. But, certiorari was denied. *See* ___ U.S. ___, 138 S. Ct. 273 (2017).

Riley subsequently filed a post conviction petition under 28 U.S.C. § 2255, asserting multiple grounds. ECF 123. A supplement was also filed. ECF 124. Due to the retirement of Judge Quarles, the case was reassigned to Judge Marvin Garbis. In a Memorandum and Order of

5

May 14, 2018, Judge Garbis denied post conviction relief. ECF 146. Riley's appeal (ECF 151) was subsequently dismissed. ECF 157.

On March 16, 2020, Riley filed a "Motion For Reduction In Sentence (R.I.S.) Pursuant to [18 U.S.C. §] 3582(c)(1)(A)(iv) (D-Other Reasons)." ECF 162. The Motion was supported by exhibits. Defendant referenced "the 798 Amendment" to the Guidelines. *Id.* Thereafter, on March 24, 2020, Riley filed a motion "to correct clerical error . . . ." ECF 164. In particular, he asserted that the Clerk "'mistakenly'" entered his motion under 18 U.S.C. § 3582(c)(2) based on the retroactive application of Amendment 782 to the Guidelines, but he asserted that his motion was not based on that amendment. *Id.* And, on March 31, 2020, Riley asked the Court to construe his submission of March 16, 2020, as a request for immediate release under the First Step Act, pursuant to 18 U.S.C. § 3582(c)(1)(A)(iv)(D), for "extraordinary and compelling reasons." ECF 165 at 1. He cited, *inter alia*, Amendment 798 to the Guidelines, and complained about the "impact" of the "now defunct residual clauses," which "elevated" his Guidelines. *Id.* at 4.

According to Riley, if Amendment 798 had been in effect at the time of his sentencing, his Guidelines range would have been 21-27 months of incarceration. ECF 165 at 4. And, he argued that the Court may use the "catch-all provision" in the First Step Act to reduce the sentence. *Id.* at 3.

To be clear, then, Riley sought compassionate release based on Amendment 798 to the Guidelines and 18 U.S.C. § 3582(c)(1)(A), not 18 U.S.C. § 3582(c)(2). Riley and the FPD, which submitted an amicus brief (ECF 169-1), claimed that if Amendment 798 had been in effect when defendant was sentenced, he would not have qualified as a career offender. But, in a Memorandum Opinion of November 18, 2020 (ECF 175), I agreed with the government, stating, *id.* at 12: "Even if Amendment 798 were in effect when defendant was sentenced, he would have been a career

offender. *See* U.S.S.G. § 4B1.2." Therefore, by Memorandum Opinion (ECF 175) and Order (ECF 176) of November 18, 2020, I denied the motion to reduce sentence.

## II.     Discussion

Defendant's sentence is certainly a harsh one. But, absent legal authority, this Court cannot revise the sentence, merely because I might have been more lenient if I had been the judge at sentencing. And, Riley invokes no such authority.

Riley's motions and other filings consistently describe his request as one for a "downward departure" or a "downward variance," citing, as supporting authority, 18 U.S.C. § 3553(a); *United States v. Booker*, 543 U.S. 220 (2005); various other court cases; U.S.S.G. §§ 4A1.3, 4B1, and 4B.2; and Amendment 798 to the Guidelines. *See, e.g.*, ECF 177 at 1-5; ECF 179 at 1-3; ECF 180 at 1-2; ECF 191 at 1-2; ECF 192 at 1-9; ECF 193 at 1-11; ECF 194 at 1-4; ECF 195 at 1-4. The basis for this departure or variance is Riley's contention that the Guidelines overstate his criminal history, and that his career offender designation is misplaced and unduly harsh.

Riley never invokes compassionate release, or the compassionate release statute, 18 U.S.C. § 3582(c)(1)(A). Notably, he has asserted explicitly, ECF 180 at 2 (emphases added): "Riley vehemently asserts that he *did not* file the December filings for the purposes of a reduction in sentence because it *'does not'* apply to Riley's issue at hand." Instead, he explicitly asks to "correct the record" to label ECF 177 as a "motion requesting a downward variance motion." *Id*. In its opposition, the government states, ECF 186 at 2: "The government understands this motion as a clear statement by the defendant that he does not want his request treated as [a] motion to reduce sentence under 18 U.S.C. § 3582(c)." In his numerous submissions filed after the government's opposition, Riley does not dispute this characterization.

7

Ordinarily, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); *see Dillon v. United States*, 560 U.S. 817, 824-25 (2010); *United States v. Chambers*, 956 F.3d 667, 671 (4th Cir. 2020); *United States v. Jackson,* 952 F.3d 492, 495 (4th Cir. 2020); *United States v. Martin*, 916 F.3d 389, 395 (4th Cir. 2019). But, "the rule of finality is subject to a few narrow exceptions." *Freeman v. United States*, 564 U.S. 522, 526 (2011). One such exception is when the modification is "expressly permitted by statute." 18 U.S.C. § 3582(c)(1)(B); *see Jackson*, 952 F.3d at 495.

However, Riley does not invoke any applicable exception. Instead, he simply invites the Court to impose retroactively a sentencing departure or variance, and to modify his sentence accordingly. This is not permissible, including under the various authorities cited by Riley in his submissions. As the government puts it, ECF 186 at 3-4: "[N]one of those provisions provides a basis for the relief the defendant is seeking. Section 3553(a) and *Booker* do not provide for the recalculation of sentencing guidelines, for sentencing reductions, for re-sentencings, or for downward variances, after a conviction has become final. None of the provisions allow for a post-conviction 'downward variance,' or for any other comparable relief."

An exception to the finality of sentencing is found in 18 U.S.C. § 3582(c)(1)(A), the compassionate release provision. Indeed, as part of the compassionate release analysis, judges have considered changes in sentencing law, including the sentence the defendant would face if prosecuted today for the same offense. *See, e.g.*, *United States v. McCoy*, 981 F.3d 271, 285-86 (4th Cir. 2020). But, as noted, by all appearances Riley has disclaimed any reliance on § 3582(c)(1)(A).[4]

---

[4] Riley previously filed such a motion. *See* ECF 162; ECF 164; ECF 165. And, the Court denied this motion. *See* ECF 175; ECF 176. But, a change in circumstances or legal arguments could lead to a different result.

Another exception, 18 U.S.C. § 3582(c)(2), permits a Court to "reduce the term of imprisonment" of a "defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." This can occur after the Court "consider[s] the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."

Although Riley's submissions do not appear to cite § 3582(c)(2), this provision is relevant to his arguments based on Amendment 798 to the Guidelines. Amendment 798 went into effect in August 2016, more than a year after Riley's sentence, following the Supreme Court's decision in *Johnson v. United States*, 576 U.S. 591 (2015). Amendment 798 redefined "crime of violence" in U.S.S.G. § 4B1.2 to omit reference to the so called residual clause, which was held unconstitutional in *Johnson* in the context of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B)(ii). Riley contends that, in light of Amendment 798 and its purported impact on his Maryland robbery conviction, a downward departure or variance is warranted.

However, § 3582(c)(2) and Amendment 798 are of no help to Riley, for two reasons. First, a Guidelines amendment must be retroactive to permit a defendant to obtain relief under § 3582(c)(2). *See, e.g.*, *Dillon*, 560 U.S. at 826 ("A court's power under § 3582(c)(2) thus depends in the first instance on the [Sentencing] Commission's decision not just to amend the Guidelines but to make the amendment retroactive."); *United States v. Goines*, 357 F.3d 469, 474 (4th Cir. 2004) ("A defendant is not entitled to the benefit of a substantive amendment that was adopted after the guidelines manual used at the defendant's sentencing unless the Sentencing Commission has designated the amendment for retroactive application."). And, Amendment 798 is not retroactive. *See* U.S.S.G. § 1B1.10(c) (not including Amendment 798 in list of covered

9

amendments for § 3582(c)(2)); *Hayes v. United States*, No. 4:13CR70, 2017 WL 976624, at *3 n.2 (E.D. Va. Mar. 13, 2017) ("[A]s a substantive, rather than clarifying, amendment to the Guidelines, Amendment 798 does not apply retroactively to Petitioner's sentence."); *see also, e.g.*, *United States v. Adkins*, 883 F.3d 1207, 1211-13 (9th Cir. 2018); *United States v. Rollins*, 717 Fed. App'x 827, 829 (10th Cir. 2017); *United States v. Strevig*, 663 Fed. App'x 908, 911-12 (11th Cir. 2016) (all concluding Amendment 798 is not retroactive).

Second, even if Amendment 798 were retroactive, or had been in effect at the time of Riley's sentence, it would not have altered his career offender designation. This is so for the reasons specified in my Memorandum Opinion of November 18, 2020 (ECF 175), which I review below. *See id*. at 12-14.

As noted, in *Johnson*, 576 U.S. 591, the Supreme Court ruled that the residual clause of the Armed Career Criminal Act's definition for violent felony, at 18 U.S.C. § 924(e)(2)(B)(ii), was unconstitutionally vague. Then, in *Sessions v. Dimaya*, ___ U.S. ___, 138 S. Ct. 1204 (2018), the Supreme Court applied *Johnson* to the residual clause of the crime of violence definition in 18 U.S.C. § 16(b). *Dimaya*, 138 S. Ct. at 1210. And, on June 24, 2019, the Supreme Court issued its decision in *United States v. Davis*, ___ U.S. ___, 139 S. Ct. 2319 (2019), ruling that the "residual clause" definition of a crime of violence in 18 U.S.C. § 924(c)(3)(B) was unconstitutionally vague. *Id.* at 2334.

A person qualifies as a career offender if the instant offense of conviction is a "controlled substance offense" or a "crime of violence," as defined in U.S.S.G. § 4B1.2(a) and (b). And, the defendant must have committed the instant offense when he was at least 18 years of age. In addition, he must have two separate prior qualifying felony convictions, for either a crime of violence or a felony controlled substance offense. U.S.S.G. § 4B1.1(a); *see also* § 4B1.2(c).

Amendment 798 redefined "crime of violence" by eliminating the residual clause. However, Amendment 798 did not change the definition of "controlled substance offense." Therefore, the defendant's underlying conviction for possession with the intent to distribute narcotics, in violation of 21 U.S.C. § 841(a)(1), remains a qualifying controlled substance offense. And, the defendant's prior felony drug distribution conviction under Maryland law was not affected by Amendment 798. *See* ECF 92, ¶ 28. As to that offense, he was convicted in 2003 and sentenced to a term of incarceration of two years and six months. *Id.*[5]

Significantly, the "force" clause of the definition for crime of violence remains unaltered by Amendment 798. And, the Maryland offense of robbery qualifies as a crime of violence under the force clause. Indeed, the Fourth Circuit has expressly ruled that the Maryland crime of robbery constitutes a "crime of violence" for purposes of the force clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e). *See United States v. Johnson*, 945 F.3d 174, 180 (4th Cir. 2019) (concluding that Maryland robbery constitutes a violent felony for purposes of the force clause of the Armed Career Criminal Act); *see also United States v. Wilson,* 951 F.2d 586, 588 (4th Cir. 1991) (concluding that the crime of robbery in Maryland satisfies the force clause); *Ennis v. United States*, RWT-13-0284, 2018 WL 3092196 at *3 (D. Md. Jun. 22, 2018) ("Ennis's Maryland robbery conviction is a crime of violence under the force clause.").

By way of analogy, federal law concerning Hobbs Act robbery is instructive. The Hobbs Act provides, 18 U.S.C. § 1951(a):

> Whoever in any way or degree obstructs, delays, or affects commerce . . . by robbery or extortion or attempts or conspires so to do, or commits or threatens physical violence to any person or property in furtherance of a plan or purpose to do anything in violation of this section shall be fined under this title or imprisoned not more than twenty years, or both.

---

[5] The FPD challenges whether Riley's Maryland drug conviction remains a qualifying controlled substance offense, but this is unrelated to Amendment 798.

11

"Robbery" is defined in 18 U.S.C. § 1951(b)(1) as the taking of personal property from another "by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his person or property." The Fourth Circuit has ruled that Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a), "categorically" qualifies as a crime of violence under the force clause of 18 U.S.C. § 924(c). *See United States v. Mathis*, 932 F.3d 242, 266 (4th Cir. 2019), *cert. denied sub nom. Uhuru v. United States*, 140 S. Ct. 640 (2019), and *Stokes v. United States*, 140 S. Ct. 640 (2019). In reaching that decision, the *Mathis* Court relied on its prior decision in *United States v. McNeal*, 818 F.3d 141 (4th Cir. 2016), and concluded that Hobbs Act robbery requires the use, attempted use, or threat of physical force, even when the offense only involves "fear of injury," because that term is synonymous with "intimidation," which necessarily "involves the threat to use [physical] force." *Mathis*, 932 F.3d at 266. *But see United States v. Taylor*, 978 F.3d 73 (2020) (concluding that *attempted* robbery is not a crime of violence).

The only development of note since my opinion of November 2020 (ECF 175) laying out the above is the ruling by the Maryland Court of Appeals in *Dickson v. United States*, 478 Md. 255, 274 A.3d 366.[6] But, this decision weakens Riley's argument.

*Dickson* originated from a federal case in which the defendant had received a base offense level of 20 under U.S.S.G. § 2K2.1(a)(4)(A), which establishes such a base offense level for an offense involving unlawful possession of a firearm or ammunition if the defendant committed the offense after sustaining a felony conviction for a "crime of violence." *Id*. at 258, 275 A.3d at 367-68. This provision had been applied to the defendant by the district court on the basis of a prior

---

[6] My previous opinion noted that *Dickson* was then pending, and had been identified by the government as relevant to whether Maryland robbery constitutes a § 4B1.2 "crime of violence." *See* ECF 175 at 13 n.7.

12

Maryland robbery conviction. *Id*. On appeal, the Fourth Circuit certified to the Maryland Court of Appeals the question of whether, under Maryland law, an individual could be "'convicted of robbery by means of threatening force against property or threatening to accuse the victim of having committed sodomy.'" *Dickson*, 478 Md. at 257, 274 A.3d at 367 (quoting certification order). This was important, the Fourth Circuit explained, because if the answer was yes, "'Maryland robbery does not qualify as a crime of violence under the force clause.'" *Id*. at 259, 274 A.3d at 368 (quoting certification order).

After an extensive review of Maryland law regarding robbery, the Maryland Court of Appeals answered in the negative. It said, *id*. at 279, 274 A.3d at 380: "[U]nder Maryland law, an individual cannot be convicted of robbery by means of threatening force against property or threatening to accuse the victim of having committed sodomy."

Thereafter, the Fourth Circuit affirmed the defendant's sentence. *United States v. Dickson*, No. 19-4226, 2022 WL 2340553, at *1 (4th Cir. June 29, 2022). It remarked that "Dickson's claim that Maryland robbery does not meet the definition of 'crime of violence' under the Guidelines' force clause is foreclosed by" *Johnson*, 954 F.3d 174, and *Dickson*, 478 Md. 255, 274 A.3d 366.

Accordingly, the arguments in Riley's own submissions provide no authority or basis to grant him the relief he seeks. However, in its amicus brief, the FPD raises an issue as to whether Riley's *other* career offender predicate, his 2003 Maryland distribution of cocaine conviction, still qualifies as a "controlled substance offense" under U.S.S.G. § 4B1.2(b). This issue has not been raised personally by Riley.

The FPD argues that, for two independent reasons, Riley's cocaine conviction no longer counts as a predicate offense for career offender designation. In light of the Fourth Circuit's decision in *United States v. Campbell*, 22 F.4th 438 (4th Cir. 2022), the FPD contends that a

13

Maryland distribution offense is not a § 4B1.2(b) "controlled substance offense" because it can be committed by the attempted transfer of drugs. ECF 205 at 1-4. Alternatively, the FPD asserts that, according to *United States v. Hope*, 28 F.4th 487, 504-05 (4th Cir. 2022), a prior state drug offense only qualifies as a § 4B1.2(b) "controlled substance offense" if the state's definition of a controlled substance, as it existed at the time of the prior conviction, matches the current state definition. *Id.* at 5. And, the FPD maintains that because Maryland's 2003 provision, which included ioflupane, was more broadly defined than Maryland's current provision, which excludes ioflupane, Riley's 2003 controlled dangerous substance conviction no longer qualifies, according to the FPD. *Id.* at 8-11.

To be sure, the controlled substance offense issue presented by the FPD is a serious, non-frivolous one. However, as explained below, Riley has not presented the Court with a vehicle to consider it. Thus, it is not necessary for the Court to reach the FPD's challenge to the second career offender predicate.

As mentioned, the compassionate release provision provides a statutory vehicle to modify a defendant's sentence if "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i); *see United States v. Hargrove*, 30 F.4th 189, 194 (4th Cir. 2022). This provision is an exception to the ordinary rule of finality. *United States v. Jenkins*, 22 F.4th 162, 169 (4th Cir. 2021). In Riley's case, the sentencing disparity created by the difference between the non-career offender range and the career offender range may well qualify as an "extraordinary and compelling reason" to reduce his sentence. But, Riley never invokes compassionate release or the compassionate release statute 18 U.S.C. § 3582(c)(1)(A) as a basis for relief.

That said, this conclusion does not preclude Riley (or the FPD) from filing a compassionate release motion after Riley exhausts his administrative remedies. *See, e.g.*, *Jenkins*, 22 F.4th at

169 ("Congress enacted the First Step Act to allow incarcerated individuals to directly petition district courts for compassionate release so long as they first exhaust their administrative remedies."). The Court notes that Riley previously sought compassionate release under 18 U.S.C. § 3582(c)(1)(A) based on Amendment 798 to the Guidelines. ECF 162. The controlled substance offense issue was not raised in Riley's earlier motion, however. Moreover, Riley has made clear that he does not move at this time for compassionate release under 18 U.S.C. § 3582(c)(1)(A). ECF 180 at 2.

Further, even when a court finds extraordinary and compelling reasons for compassionate release, relief is warranted under 18 U.S.C. § 3582(c)(1)(A) only if appropriate in light of the factors set forth in 18 U.S.C. § 3553(a). *See United States v. High*, 997 F.3d 181, 186 (4th Cir. 2021); *see also United States v. Butts*, 2021 WL 3929349, at *2 (4th Cir. Sept. 2, 2021) (per curiam) (noting that, even if the district court finds extraordinary and compelling circumstances, it must consider the § 3553(a) factors to the extent applicable in exercising its discretion); *United States v. Kibble*, 992 F.3d 326, 329-30 (4th Cir. 2021), *cert. denied*, ___ U.S. ___, 142 S. Ct. 383 (2021) (noting that district court must consider § 3553(a) factors when considering a motion to reduce sentence under § 3582(c)(1)(A) and district court enjoys broad discretion in conducting this analysis); *United States v. Trotman*, 829 F. App'x 607, 608 (4th Cir. 2020) (per curiam) (recognizing that, when considering a motion to reduce sentence under § 3582(c)(1)(A), the court must consider the sentencing factors under § 3553(a), to the extent applicable); *United States v. Chambliss*, 948 F.3d 691, 693-94 (5th Cir. 2020) (district court must give due consideration to the § 3553(a) factors). Accordingly, these factors must be addressed by the parties if and when a new compassionate release motion is filed.

### III. Conclusion

For the reasons stated above, I shall grant Riley's various motions to supplement or "re-assert" his original motion. ECF 187; ECF 195; ECF 210. But, there is no legal basis on which the Court may reduce Riley's sentence at this time. Therefore, I shall deny the substantive motions, without prejudice to the right of Riley to submit a motion for compassionate release under 18 U.S.C. § 3582(c). ECF 177; ECF 180; ECF 181; ECF 191; ECF 209.

An Order follows, consistent with this Memorandum Opinion.


Date: October 14, 2022                             /s/
                                         Ellen L. Hollander
                                         United States District Judge